UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| **DARREN KING and KIMBERLY KING,** )<br>)<br>   **Plaintiffs,** )<br>)<br>**v.** )<br>)<br>**ROBERT LACEFIELD,** )<br>)<br>   **Defendant.** ) | Case No. 2:21-cv-02613-JTF-atc |

**ORDER DENYING PLAINTIFFS' MOTION TO REMAND**

Before the Court is Plaintiffs Darren and Kimberly King's Motion to Remand and for Attorney Fees and Expenses, filed on October 6, 2021. (ECF No. 6.) Defendant Robert Lacefield filed a Response in Opposition on October 19, 2021. (ECF No. 7.) For the reasons that follow, the Court **DENIES** Plaintiffs' Motion to Remand.

## I. FACTUAL AND PROCEDURAL BACKGROUND

The present case involves a dispute over an automobile accident that occurred in Shelby County, Tennessee. (ECF No. 1.) Plaintiffs initially filed their case in Shelby County Circuit Court. (*Id.*) Plaintiffs then attempted to serve Lacefield at his last known address: 1710 Dallas Road, Sarah, Mississippi 38665, by certified mail restricted delivery. (ECF No. 6-1, 1.) The accuracy of this address was supported by a copy of Lacefield's driver's license, although the license had been expired for nearly six months by the time service was attempted. (ECF No. 6-4.) The delivery was ultimately received at the Dallas Road address by someone with the initials "JHD," possibly a "James Durant," on July 31, 2021. (*Id.*) On the certified mail receipt, "JHD" indicated that he was an "Agent" rather than the "Addressee." (*Id.*) From here, factual disputes arise. In an affidavit,

Lacefield contends that the Dallas Road address was not accurate, and that he instead resided at 388 Northwood Hills Drive, Hernando, Mississippi 38632 on July 31, 2021. (ECF No. 8-2, 1.) He states that he does not know anyone with the initials "JHD" and that he did not sign the certified mail receipt himself, nor has he ever authorized someone to accept service on his behalf. (*Id.*)

Regardless, nearly two months later on September 29, 2021, Lacefield filed a Notice of Removal in the Western District of Tennessee, asserting diversity jurisdiction and an amount in controversy over $75,000. (ECF No. 1, 1-2.) In the notice, Lacefield asserts that he received a copy of the complaint "not earlier than September 22, 2021." (*Id.* at 1.) On October 6, 2021, plaintiffs filed the present Motion to Remand, arguing that Lacefield had been effectively served on July 31, 2021, and that his right to remove consequently lapsed on August 30, 2021. (ECF No. 6, 1.) Lacefield filed a response on October 19, 2021, stating that he had not been effectively served on July 31, 2021, and that he was well within the thirty-day removal period on September 29, 2021. (ECF No. 8, 1-2.)

## II.     LEGAL STANDARD

Title 28 U.S.C. § 1446(a) provides that "[a] defendant desiring to remove any civil action from a State court shall file in the district court of the United States for the district and division within which such action is pending a notice of removal[.]" Such notice of removal must be filed with the proper district court within thirty (30) days of the defendant receiving a copy of the initial pleading, "through service or otherwise." 28 U.S.C. § 1446(b)(1). The "otherwise" language does not mean that the thirty-day time limit is triggered "by the defendant's mere receipt of the complaint unattended by formal service of process[;]" instead, since effective service is necessary for federal personal jurisdiction, the defendant's thirty-day limit "is triggered by simultaneous service of the summons and complaint, or the defendant's receipt of the complaint 'through service

or otherwise' after and apart from the service of summons[.]" *Arthur v. Litton Loan Servicing LP*, 249 F. Supp. 2d 924, 928 (E.D. Tenn. 2002) (citing *Murphy Brothers v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347-48 (1999)). As a final requirement, "[p]romptly after the filing of such notice of removal . . . the defendant . . . shall give written notice thereof to all adverse parties and shall file a copy of the notice with the clerk of such State court . . . ." 28 U.S.C. § 1446(d). Thus, the main question for whether the notice of removal here was proper is whether, and when, the plaintiffs effected service of process.

Federal Rule of Civil Procedure 4(e)(1) provides that effective service may be had by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made[.]" Tennessee Rule of Civil Procedure 4.04 allows service by certified mail, but requires the mail to be delivered directly to the defendant or their "properly authorized agent." *Hall v. Haynes*, 319 S.W. 3d 564, 571-72 (Tenn. 2010). Proper authorization follows traditional agency principles and can be done either expressly or impliedly. Implied authority to accept service "must be predicated on some act or acquiescence of the principal" though, and not "the actions of the agent." *Id.* at 573 (citing *Bells Banking Co. v. Jackson Ctr., Inc.*, 938 S.W.2d 421, 424 (Tenn. Ct. App. 1996)). Such an act or acquiescence is shown when the record contains "evidence that the defendant intended to confer upon the agent the specific authority to receive and accept service of process[;]" merely accepting the process does not establish agency. *Arthur*, 249 F. Supp. 2d at 929.

### III.   LEGAL ANALYSIS

Applying the above standards, there is no evidence in the record that Lacefield was ever effectively served with the complaint, let alone on July 31, 2021. Plaintiffs followed the Tennessee Rules of Civil Procedure in attempting to serve Lacefield through certified mail but failed to

3

deliver summons and a copy of the complaint to Lacefield. It is undisputed that Lacefield did not receive the complaint on July 31, 2021. Instead, "JHD" signed for the delivery and indicated on the receipt that they were Lacefield's agent. The only remaining question is whether the plaintiffs have shown that JHD was in fact authorized by Lacefield to receive service. For his part, Lacefield offers an affidavit stating that he does not know anyone with the initials "JHD" and did not reside at the Dallas Road address when the plaintiffs attempted to serve him there. (ECF No. 8-2, 1.) The plaintiffs make two arguments in support of JHD being Lacefield's agent. First, they argue that "[a]gents authorized to sign for certified mail restricted delivery are appointed agents" as a matter of law, and point to the Domestic Mail Manual, which they contend has the same force as federal law, in support of this position. (ECF No. 6-5, 2.) Second, they argue that Lacefield "bears the burden of proof on removal and all doubts are resolved in favor of remand," which they view as requiring Lacefield to disprove that JHD was not his agent. (*Id.*) (citing *Eastman v. Marine Mech Corp.*, 438 F.3d 544, 549-50 (6th Cir. 2006)). Both arguments are unconvincing.

  The first argument misstates Tennessee law. The Tennessee Supreme Court has expressly held that "acting as an agent for some other purpose does not automatically make [one an] agent for accepting service of process," even where one is authorized to accept certified mail. *Hall*, 319 S.W.3d at 573. Regardless of the job performance standards that the Domestic Mail Manual sets for postal workers, agency principles require "some act or acquiescence of the *principal*," in this case Lacefield, to be legally enforceable. *Id.* (emphasis added). Plaintiffs provide no evidence that Lacefield authorized JHD to accept service of lawsuits on his behalf, beyond stating that JHD accepted the delivery and indicated that they were an agent. (ECF No. 6-5, 2.) But "the mere fact of acceptance of process" is not "sufficient to establish agency by appointment" under Tennessee or federal law. *Id.* The only evidence regarding appointment is Lacefield's affidavit, which denies

4

ever appointing any agent to accept service on his behalf. (ECF No. 8-2, 1.) Plaintiffs have not presented any evidence that JHD was authorized to accept service, and consequently have not shown that service of process was affected.

Plaintiffs' second argument follows naturally: they contend that "Lacefield bears the burden of proof on removal and all doubts are resolved in favor of remand." (ECF No. 6-5, 2.) This understanding is misplaced. Plaintiffs cite *Eastman v. Marine Mechanical Corp.* in support, but *Eastman* did not involve the interplay between service of process and removal but instead the interplay between removal and original federal jurisdiction. Yes, "the party seeking removal bears the burden of demonstrating that the [federal] district court has original jurisdiction." *Eastman*, 438 F.3d at 549 (citing *Long v. Bando Mfg. of Am., Inc.*, 201 F.3d 754, 757-58 (6th Cir. 2000); *Conrad v. Robinson*, 871 F.2d 612, 614 (6th Cir. 1989)). This burden is carried by meeting the requirements of either diversity or federal question jurisdiction, neither of which are in question here. *Id.* at 550. But "a plaintiff 'bears the burden of perfecting service of process and showing that proper service was made.'" *Cottrell v. DeVillers*, No. 2:20-cv-5354, 2022 WL 2340884, at *2 (S.D. Ohio Jun. 29, 2022) (quoting *Sawyer v. Lexington-Fayette Urban Cnty. Gov't*, 18 F. App'x 285, 287 (6th Cir. 2001)). The plaintiffs have failed to do so.

The record shows that Lacefield was not served with the complaint on July 31, 2021. Lacefield states under penalty of perjury that he received the complaint "not earlier than September 22, 2021" and filed his Notice of Removal on September 29, 2021, well within the thirty-day limit. The Plaintiffs have not presented convincing evidence that the Notice was untimely filed. Accordingly, Plaintiffs' argument that Lacefield's Notice of Removal was untimely filed is not well-taken and the Court **DENIES** Plaintiff's Motion to Remand.

**IT IS SO ORDERED** this 18th day of August, 2022.

5

*s/John T. Fowlkes, Jr.*
JOHN T. FOWLKES, JR.
United States District Judge