UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| **DARREN KING and KIMBERLY KING,** ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Case No. 2:21-cv-02613-JTF-atc |
| ) | |
| **ROBERT LACEFIELD,** ) | |
| ) | |
| Defendant. ) | |

**ORDER DENYING PLAINTIFFS' MOTIONS FOR SANCTIONS**

Before the Court are two Motions for Sanctions by Defendant Robert Lacefield, both filed on June 16, 2022. (ECF Nos. 33 & 34.) The motions seek to sanction both Plaintiffs, Darren and Kimberly King, for their alleged failure to adequately respond to and engage in discovery. Plaintiffs filed a Response in Opposition on July 21, 2022. (ECF No. 37.) For the reasons that follow, the Court **DENIES** both Motions.

## I.     FACTUAL AND PROCEDURAL BACKGROUND

Detailed facts of the case are not relevant to the present motion. In brief, the present case involves a dispute over an automobile accident, allegedly caused by Defendant Robert Lacefield, that occurred in Shelby County, Tennessee and allegedly injured Plaintiffs Darren and Kimberly King. (ECF No. 1.)

Lacefield served his First Set of Interrogatories and Request for Production of Documents as to both plaintiffs on January 24, 2022. (ECF No. 33, 1; ECF No. 10.) Responses from both plaintiffs were delayed and Lacefield's counsel sent letters regarding the tardiness on March 3 and March 28, 2022. (ECF No. 33, 1.) Ultimately, these delays resulted in Lacefield filing a Motion to

Compel Plaintiffs' Discovery Responses on April 13, 2022. (ECF No. 24.) This motion was resolved by the parties through a Joint Consent Order filed with the Court on May 20, 2022, which gave the Plaintiffs until May 23, 2022, to file discovery responses. (ECF No. 32.)

    The conduct with respect to the individual plaintiffs diverges here. Lacefield alleges that Darren King served unverified responses on May 24, 2022, after the deadline in the Joint Consent Order.[1] (ECF No. 33, 2.) As for Kimberly King, Lacefield states that she never responded in any way, and has not responded as of the date of the motion. (ECF No. 34, 2.) After receiving Darren King's unverified responses, Lacefield's counsel emailed King's counsel notifying them of the perceived deficiencies. (ECF No. 33, 2.) The declaration verifying discovery was ultimately served on either May 31 or June 1. (ECF No. 33, 2; ECF No. 37, 1.) The Kings state that they then engaged in discussions regarding the deficiencies on June 6, 2022, but that the issue was not substantively addressed until June 15, 2022. (ECF No. 37, 1-2.) At that time, the Kings' counsel advised Lacefield's counsel that they were encountering difficulties obtaining necessary medical records due to issues their care provider was having with a third-party record keeper. (*Id.* at 2.) Kings' counsel also stated that both plaintiffs were in the "process of gathering pay stubs and other indicia of payment along with available tax returns." (*Id.*) The Kings allege that no discussion was had regarding a potential motion for sanctions, but that the motions were both filed the next day. (*Id.*) Lacefield's counsel attached a required certificate of consultation to both motions, stating that discussion regarding these issues was had via correspondence emailed between the two on May 27, 2022, but that they were unable to reach resolution. (ECF No. 33-1, 1; 34-1, 1.)

---

[1] Darren King contests this, stating that he served responses on May 23, albeit late in the evening. (ECF No. 37, 1.) An attached email supports King's statement, although since the responses were admittedly unverified, they were late regardless. (ECF No. 37-1.)

Plaintiffs filed a joint response to the motions on July 21, 2022 after being granted additional time to respond. (ECF Nos. 36 & 37.) On August 16, 2022, Plaintiffs also filed a Notice stating that they had "served supplemental document production and initial disclosures" consisting of Darren King's tax return, earnings statement, and additional medical bills and records. (ECF No. 43.) At a status conference held on August 25, 2022, Lacefield's counsel made clear that she believes deficiencies still exist, as she has still not received any discovery from Kimberly King and does not have any pay stubs from Darren King regarding the relevant period of injury, preventing her from taking depositions and designating experts.

## II.     LEGAL STANDARD

Federal Rule of Civil Procedure 37 allows the Court to, upon motion, "impose sanctions if a party fails to respond after being properly served with interrogatories." *Laukas v. Rio Brands, Inc.*, 292 F.R.D. 485, 502 (N.D. Ohio 2013). These sanctions may range from staying further proceedings until the order is obeyed or dismissing the action altogether. Fed. R. Civ. P. 37(d)(3). The "majority view authorizes Rule 37(d) sanctions when a party's evasive or incomplete answers to proper interrogatories impede discovery." *Jackson v. Nissan Motor Corp.*, No. 88-6132, 1989 WL 128639, at *5 (6th Cir. 1989). "The imposition of sanctions, or the type of sanctions imposed, is within the sound discretion of the Court based on the facts of each particular case." *Williams v. Select Specialty Hosp.-Nashville, Inc.*, Civil No. 3:08-1007, 2010 WL 93103, at *3 (M.D. Tenn. Jan. 7, 2010) (citing *National Hockey League v. Metropolitan Hocket Club*, 427 U.S. 639 (1976)). The Federal Rules further impose "an affirmative duty to engage in pretrial discovery in a responsible manner that is consistent with the spirit and purposes of Rules 26 through 37." Fed. R. Civ. P. 26 Advisory Committee Notes (1983) Amendment. Through its certification requirement, Federal Rule of Civil Procedure 26(g) allows the court to "impose sanctions for any violation

occurring without substantial justification." *Jones v. Illinoi Central R.R. Co.*, 617 F.3d 843, 854 (6th Cir. 2010). Finally, Courts maintain an inherent power to impose sanctions against a party where they have "acted in bad faith, vexatiously, wantonly, or for oppressive reasons[.]" *Metz v. Unizan Bank*, 655 F.3d 485, 489 (6th Cir. 2011).

### III.     LEGAL ANALYSIS

Lacefield argues that Kimberly King's complete failure to respond to discovery requests and Darren King's deficient responses should result in the case being dismissed, and/or that Darren King "be precluded from presenting any proof with regard to medical bills and lost wages," and that attorney's fees, costs, and expenses as appropriate be awarded. (ECF No. 33, 2-3; ECF No. 34, 2.) Plaintiffs argue their conduct does not meet "the Sixth Circuit standard to impose sanctions at all[.]" (ECF No. 37, 2.)

The Court does not find sanctions warranted at this time. As alleged, both Plaintiffs' discovery responses are clearly deficient, and in Kimberly King's case, non-existent. This is unacceptable at this stage of the litigation, where discovery has been ongoing since at least February 21, 2022. (ECF No. 18.) However, the Court believes that more time is warranted to allow the Plaintiffs to fulfill their discovery obligations given their recent supplementation and assurances from Plaintiffs' counsel that further records will be forthcoming. There is no evidence of bad faith, willful conduct, or extreme neglect that typically warrants discovery sanctions. Recently, the Court was told of a forthcoming Amended Scheduling Order extending the discovery deadline and set a future status conference date for **December 8, 2022**. If Plaintiffs' obligations remain unfulfilled by that date, or cause further delays or need for extensions, the Court will reconsider sanctions, including full dismissal of the case, if and when such issues arise. Fulfilling their obligations would require, at the very minimum, full interrogatory responses from Kimberly

4

King and production of relevant documents from both plaintiffs, including pay stubs or other documentation showing claimed loss wages. Of course, these obligations should be fulfilled in as *timely a manner as possible* given the need to take certain depositions, prepare expert reports, and engage in all necessary pretrial procedures. The Court expects the parties to participate in further discovery in good faith and with an eye towards speedy resolution. For the above reasons, both Motions for Sanctions are **DENIED.**

      **IT IS SO ORDERED** this 26th day of August, 2022.

                                                    *s/John T. Fowlkes, Jr.*
                                                  JOHN T. FOWLKES, JR.
                                                  United States District Judge