# UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TENNESSEE
### WESTERN DIVISION

| | | |
|---|---|---|
| **DARREN KING and KIMBERLY KING,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 2:21-cv-02613-JTF-atc** |
| | ) | |
| **ROBERT LACEFIELD,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## ORDER DENYING PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT

Before the Court is Plaintiffs Darren and Kimberly King's Motion for Partial Summary Judgment, filed on April 6, 2022. (ECF No. 23.) Defendant Robert Lacefield filed a Response in Opposition on May 5, 2022.[1] (ECF Nos. 28 & 29.) For the reasons that follow, the Court **DENIES** Plaintiff's Motion for Partial Summary Judgment.

## I.      FACTUAL AND PROCEDURAL BACKGROUND

The present case involves a dispute over an automobile accident that occurred in Shelby County, Tennessee. (ECF No. 1.) On June 26, 2020, Lacefield left his home at 6:15 a.m. and arrived at his workplace around 6:45 a.m. (ECF No. 29, 1.) He then left to work to meet with a contractor. (*Id.*) Along the way, he came upon the intersection of "Ramil and Yates." (*Id.*) At the time, it was raining, and the road was wet. (ECF No. 29-1, 2.) As Lacefield approached, the traffic light turned red. (*Id.*) Lacefield attempted to stop, but the "road was slick from rain[,] and he went into the intersection," colliding with a car driven by Darren King. (ECF No. 29, 2.)  Lacefield was

---

[1] Plaintiffs did file a document as a Reply, but the document appears to be a filing from an entirely unrelated case of Plaintiffs' counsel. (ECF No. 30.)

issued a traffic citation from Tennessee law enforcement for his role in the accident. (ECF Nos. 19-2, 3; 21, 2.)  Plaintiffs filed the present suit in Tennessee state court, and Lacefield removed the suit to federal court on September 29, 2021. (ECF No. 1.) The complaint contains three counts asserted against Lacefield: Negligence, Violation of State Statutes, and Violation of City Ordinances.[2] (ECF No. 21-1, 2-3.) Plaintiffs allege severe physical and emotional injuries and seek $2 million in both compensatory and punitive damages. (*Id.* at 4-5.)

After filing their complaint, Plaintiffs attempted to serve Lacefield at his last known address: 1710 Dallas Road, Sarah, Mississippi 38665, by certified mail restricted delivery. (ECF No. 6-1, 1.) The accuracy of this address was supported by a copy of Lacefield's driver's license, although the license had been expired for nearly six months by the time service was attempted. (ECF No. 6-4.) The delivery was ultimately received at the Dallas Road address by someone with the initials "JHD," possibly a "James Durant," on July 31, 2021. (*Id.*) On the certified mail receipt, "JHD" indicated that he was an "Agent" rather than the "Addressee." (*Id.*) From here, factual disputes arise. In an affidavit, Lacefield contends that the Dallas Road address was not accurate, and that he instead resided at 388 Northwood Hills Drive, Hernando, Mississippi 38632 on July 31, 2021. (ECF No. 8-2, 1.) He states that he does not know anyone with the initials "JHD" and that he did not sign the certified mail receipt himself, nor has he ever authorized someone to accept service on his behalf. (*Id.*) Regardless, nearly two months later on September 29, 2021, Lacefield filed a Notice of Removal in the Western District of Tennessee, asserting diversity jurisdiction and an amount in controversy over $75,000. (ECF No. 1, 1-2.) In the notice, Lacefield asserts that he received a copy of the complaint "not earlier than September 22, 2021." (*Id.* at 1.)

---

[2] The Complaint alleges that the violations of state and city law amount to *negligence per se*. (ECF No. 21-1, 3.)

On April 6, 2022, Plaintiffs filed the present motion, seeking partial summary judgment on the issue of liability based on Lacefield's answers to Plaintiffs' First Set of Interrogatories. (ECF No. 23.) Lacefield filed a Response on May 5, 2022, asserting that the Motion was premature and that the Court should deny the Motion due to a lack of personal jurisdiction stemming from the Plaintiffs' failure to affect service of process. (ECF No. 28.) In the alternative, Lacefield contends that the Plaintiffs' motion is based on overstatements and mischaracterizations of his answers to the Plaintiffs' First Set of Interrogatories, and that it is consequentially "conclusory and not supported by any evidence." (ECF No. 28-1, 4.)

## II.      LEGAL STANDARD

Summary Judgment is appropriate only "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine dispute exists when viewing the evidence in the light most favorable to the non-moving party, and construing all inferences in their favor, there is sufficient evidence for a trier of fact to find for the non-movant. *See Ciminillo v. Streicher*, 434 F.3d 461, 464 (6th Cir. 2006). The movant may properly support a motion for summary judgment by relying on the record and any supporting affidavits to show a lack of "genuine dispute[s], or that an adverse party cannot produce admissible evidence to support [a] fact." Fed. R. Civ. P. 56(c)(1)(B); *see also Street v. J.C. Bradford & Co.,* 886 F.2d 1472, 1478 (6th Cir. 1989).

Conversely, a genuine dispute of a material fact or issue will allow the non-movant to survive summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252, (1986). The non-movant cannot rely solely on the pleadings in opposing the motion. *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). The evidence must "do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586

(1986). The non-movant, as the party with the burden of proof at trial, must support claims with concrete and corporeal evidence. *See Cloverdale Equip. Co. v. Simon Aerials, Inc.*, 869 F.2d 934, 937 (6th Cir. 1989). The district court does not have the duty to search the record for such evidence. *See* Fed. R. Civ. P. 56(c)(3); *InterRoyal Corp. v. Sponseller*, 889 F.2d 108, 111 (6th Cir. 1989). Additionally, "a nonmoving party may not avoid a properly supported motion for summary judgment by simply arguing that it relies solely or in part upon credibility considerations or subjective evidence." *Cox v. Kentucky Dep't of Transp.*, 53 F.3d 146, 150 (6th Cir. 1995). If the evidence presented cannot "reasonably support a jury verdict in favor of the nonmoving party, the motion for summary judgment will be granted." *Id.*

### III.    LEGAL ANALYSIS

Plaintiffs argue that the motion should be granted based on the fact that Lacefield allegedly admits to violating a Memphis City Ordinance, which when combined with "other ordinances statutory duties and common-law driver duties" makes Lacefield negligent as a matter of law. (ECF No. 23-3, 3.) Lacefield disagrees, arguing that the court does not have personal jurisdiction over him to decide this issue due to ineffective service of process, and that, in the alternative, the motion is conclusory and based not based in fact.

#### 1.    *Service of Process and Personal Jurisdiction*

The Court first considers Lacefield's argument regarding service of process, as it is determinative over whether the Court may exercise personal jurisdiction over Lacefield. *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 584 (1999) (noting that a court is "powerless to proceed to an adjudication" in the absence of personal jurisdiction). The Plaintiffs do not respond to this argument in their Reply, but the Reply appears to be a misfiling. However, the Plaintiffs have responded to this exact argument in a previous filing. In their Motion to Amend, the Plaintiffs

4

stated that "[a]lthough Lacefield has raised the issue of defective service of process, this issue has been forfeited by litigation conduct indicating an intent to defend on the merits[.]" (ECF No. 19-2, 2) (citing *King v. Taylor*, 694 F.3d 650, 658-61 (6th Cir. 2012)). While not obligated to, the Court will consider this section of their prior Response as to prevent waiver of any objection to Lacefield's argument.

   *King* is highly informative as to this case. Like the defendant in *King*, Lacefield preserved his service of process defense in his answer and never filed a pre-answer motion under Federal Rule of Civil Procedure 12 that would have forfeited it. (ECF No. 17, 3); *King*, 694 F.3d at 657-58. Like the plaintiffs in *King*, the plaintiffs here argue that Lacefield forfeited his service defense through his extensive participation in litigation. "Asserting a Rule 12(b) defense in an answer does not preserve the defense in perpetuity. A defendant is required at some point to raise the issue by motion for the court's determination." *King*, 694 F.3d at 658 (quoting *Burton v. N. Dutchess Hosp.*, 106 F.R.D. 477, 481 (S.D.N.Y. 1985) (internal quotation marks and citations omitted)). While distinct, the service of process defense is related to the personal jurisdiction defense, and can be forfeited in a similar way: the court asks "whether a defendant's conduct prior to raising the defense has given the plaintiff 'a reasonable expectation' that the defendant will defend the suit on the merits or whether the defendant has caused the court to 'go to some effort that would be wasted if personal jurisdiction is later found lacking.'" *Id.* at 659 (quoting *Gerber v. Riordan*, 649 F.3d 514, 519 (6th Cir. 2011). The Sixth Circuit has stated, however, that it is "relatively easier to find forfeiture of a service defense" than forfeiture of a personal jurisdiction defense. *Id.* (citing *Hamilton v. Atlas Turner, Inc.*, 197 F.3d 58, 60 (2d Cir. 1999); *Datskow v. Teledyne, Inc.*, 899 F.2d 1298, 1303 (2d Cir. 1990)). Determining whether the defense has been forfeited requires "a

fact specific analysis of a defendant's litigation conduct[.]" *Blessing v. Chandrasekhar*, 988 F.3d 889, 897 (6th Cir. 2021).

In his response to the Motion to Remand, and later in his Answer, Lacefield asserts that he had not adequately been served, (ECF Nos. 9 & 17.) However, Lacefield has never requested that the case be dismissed for failure to serve, instead always characterizing the failure to serve as a reason to deny a present Motion. In his Response in Opposition to the Motion for Remand, Lacefield characterized his failure to be served as a reason that "removal of this action was proper," while arguing that the case should remain in federal court. (ECF No. 9, 3.)  Even in the present response, there is no request that the case be dismissed, but rather that the court "does not have personal jurisdiction over the Defendant and cannot adjudicate Plaintiffs' Motion for Partial Summary Judgment." (ECF No. 28-1, 3.) After this assertion, which preserved the defense, Lacefield served his initial discovery disclosures, (ECF No. 18), served his first set of discovery responses, (ECF No. 20), litigated a Motion to Amend/Correct Complaint by the Plaintiffs, (ECF Nos. 18, 21, & 22), and filed his own Motion to Compel Discovery, (ECF No. 24), before raising service issues again in his Response to the present motion.  (ECF No. 28.) As the Sixth Circuit has previously stated, "[a]sserting a Rule 12(b) defense in an answer does not preserve the defense in perpetuity. A defendant is required at some point to raise the issue by *motion* for the court's determination." *King*, 694 F.3d at 658 (emphasis added).  Lacefield has never done so, instead raising the issue in piecemeal fashion across two responses.  (ECF Nos. 9, 17.)  Lacefield's actions in this case are nearly identical to that of the defendant in *King*.  *Id.* at 660. The defendant in *King* also participated in discovery, made initial disclosures, and responded to written discovery requests, all without filing a motion to dismiss the case for failure to serve under Federal Rule of Civil Procedure 12(b)(5). *Id.*  Here, Lacefield arguably went further in his participation, as he has

6

filed his own separate Motion to Compel Discovery, representing a clear intent to continue litigating the case on the merits. (ECF No. 24.) Given the similarity of Lacefield's conduct to the conduct found to support forfeiture in *King*, and the fact that his active participation in the litigation would give plaintiffs "a reasonable expectation that [he would] defend the suit on the merits," the Court finds that Lacefield has forfeited his service of process defense. *Gerber*, 649 F.3d at 519. As a result, the Court must consider the merits of the present motion.

*2.   Summary Judgment*

Plaintiffs move for Summary Judgment solely on the issue of liability. They argue that because Lacefield "admits he failed to stop for a traffic control device" and violated Memphis City Ordinance § 11-16-3 he was negligent as a matter of law. Lacefield disagrees, saying the motion is supported only by conclusory statements.

The Court notes that Plaintiffs' Motion is under-briefed and, as a result, agrees with Lacefield that the Motion must be denied. Plaintiffs do not make an argument regarding the elements of negligence, negligence per se, or any of their causes of action under Tennessee law, and merely cite one Memphis City Ordinance for their argument that Plaintiff is liable.[3] But Lacefield disputes these facts in his response, and the Court must take all facts in the light most favorable to Lacefield, the non-movant. *Taft Broad. Co. v. United States*, 929 F.2d 240, 248 (6th

---

[3]The entirety of Plaintiffs' argument is reprinted below:

> Lacefield admits he failed to stop for a traffic control device and entered the intersection at Ramil and Yates causing a collision with King. Memphis Ordinance §11-16-3 provides that: Notwithstanding any speed limit or zone in effect at the time, or right-of-way rules that may be applicable, every driver shall: (1) Operate his vehicle at a safe speed. (1) Maintain a proper lookout. (2) Use due care to keep his vehicle under control Applying this ordinance as well as other ordinances, statutory duties and common-law driver duties, Lacefield was negligent. Chase admitted he attempted to stop at the red light at Ramil and Yates but continued into the intersection causing a collision with King. Lacefield was thus negligent as a matter of law. Lacefield admits that the only other contributing factor to the collision was that the road was the weather. Therefore, Lacefield's affirmative defense of comparative fault of Darren King must fail as a matter of law.

(ECF No. 23-3, 3.)

Cir. 1991). For example, the motion characterizes Lacefield's discovery responses as waiving his comparative fault defense, but the responses do no such thing. Indeed, the responses contend that "*Plaintiff's* vehicle hit [Lacefield's] on the rear bumper" and argue that the weather contributed to the cause of the accident. (ECF No. 29-1, 2) (emphasis added). Even if Plaintiffs' facts were undisputed, they have not provided a legal argument as to why Lacefield is liable, and "[i]t is not sufficient for a party to mention a possible argument in the most skeletal way, leaving the court to put flesh on its bones." *McPherson v. Kelsey*, 125 F.3d 989, 995-96 (6th Cir. 1997) (quoting *Citizens Awareness Network, Inc. v. United States Nuclear Regulatory Comm'n*, 59 F.3d 284, 293-94 (1st Cir. 1995)); *see also Diligente v. Harvard Refuse, Inc.*, 2012 WL 4481207, at *6 (N.D. Ohio Sept. 26, 2012) ("[T]he Court is not obligated to make Plaintiffs' arguments for them.") (citing *Betkerur v. Aultman Hosp. Ass'n.*, 78 F.3d 1079, 1087 (6th Cir. 1996)).

Summary Judgment is only appropriate where the undisputed evidence "show[]s that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Lenning v. Commercial Union Ins. Co.*, 260 F.3d 574, 581 (6th Cir. 2001). The Plaintiffs have not met this burden and have not provided a legal standard under which to determine liability in their motion. For the above reasons, the Motion is **DENIED**.

      **IT IS SO ORDERED** this 29th day of August, 2022.

<u>*s/John T. Fowlkes, Jr.*</u>
JOHN T. FOWLKES, JR.
United States District Judge