UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| **DARREN KING and KIMBERLY KING,** ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Case No. 2:21-cv-02613-JTF-atc |
| ) | |
| **ROBERT LACEFIELD,** ) | |
| ) | |
| Defendant. ) | |

**ORDER GRANTING IN PART PLAINTIFFS' MOTION FOR SANCTIONS**

Before the Court is Defendant Robert Lacefield's Second Motion for Sanctions as to Plaintiff Kim King, filed on November 16, 2022. (ECF No. 62.) Plaintiffs filed a Response in Opposition on November 30, 2022. (ECF No. 63.) For the reasons that follow, the Court **GRANTS** the Motion in part.

### I.     FACTUAL AND PROCEDURAL BACKGROUND

Detailed facts are not relevant to the present motion. In brief, the present case involves a dispute over an automobile accident, allegedly caused by Defendant Robert Lacefield, that occurred in Shelby County, Tennessee which allegedly injured Plaintiffs Darren and Kimberly King. (ECF No. 1.) The relevant procedural history is outlined below.

Lacefield served his First Set of Interrogatories and Request for Production of Documents as to both plaintiffs on January 24, 2022. (ECF No. 33, 1; ECF No. 10.) Responses from both plaintiffs were delayed and Lacefield's counsel sent letters regarding the tardiness on March 3 and March 28, 2022. (ECF No. 33, 1.) Ultimately, these delays resulted in Lacefield filing a Motion to Compel Plaintiffs' Discovery Responses on April 13, 2022. (ECF No. 24.) This motion was

resolved by the parties through a Joint Consent Order filed with the Court on May 20, 2022, which gave the Plaintiffs until May 23, 2022, to file discovery responses. (ECF No. 32.)

This deadline was not met, leading to two previous Motions for Sanctions. (ECF Nos. 33 & 34.) These motions stemmed from Darren King's alleged failure to serve verified responses, and Kimberly King's alleged failure to serve any responses at all. (*Id.*) Lacefield sought relief in the form of case dismissal, precluding Darren King from offering proof regarding medical bills and lost wages, and attorney's fees and costs as appropriate. (ECF No. 33, 2-3; ECF No. 34, 2.) The Court denied those motions at the time, noting that there was no evidence of bad faith, willful conduct, or extreme neglect, but warning the Plaintiffs that the Court may reconsider sanctions if their discovery obligations were not met by December 8, 2022. (ECF No. 51, 4.) However, the written discovery deadline remained on October 1, 2022. (ECF No. 54.)

On November 16, 2022, Lacefield filed the present Motion for Sanctions. In the motion, Lacefield states that he did not receive Kimberly King's responses regarding her loss of consortium claim by October 1, 2022, and was forced to reschedule depositions set for October 17, 2022, due to King's tardiness. (ECF No. 62, 1.) These depositions were rescheduled for October 26, 2022. (*Id.*) According to Lacefield, Plaintiffs' counsel emailed the night before the depositions with Kimberly King's supposed responses, but these responses were merely duplicates of Darren King's responses to earlier interrogatories regarding his personal injury claim and did not address the loss of consortium claim at all. (*Id.* at 2.) Further, the responses "were unsigned and did not have an accompanying declaration." (*Id.*) Because of this, Lacefield again cancelled Kimberly King's deposition. (*Id.*) In the motion, Lacefield then states that "Plaintiff Kim King filed discovery responses some twenty-five days after the discovery deadline and after Defendant was forced to

cancel her deposition twice," which Lacefield's counsel later clarified as meaning King finally served adequate responses on October 26, 2022. (*Id.*; ECF No. 64.)

Plaintiffs responded on November 30, 2022. (ECF No. 63.) In the response, Plaintiffs argued that the testimony of Darren King adequately established Kimberly King's loss of consortium claim, and that "Kim King expounded on her claims for loss consortium prior to her noticed deposition of October 26, 2022 and immediately after noticed deposition date." (ECF No. *Id.* at 1-2.) The Plaintiffs assert that "Lacefield chose to cancel Kim King's deposition of his own volition." (*Id.* at 2.) At a status conference held on December 8, 2022, Plaintiffs' counsel indicated that they agreed the responses were late. (ECF No. 64.)

## II.   LEGAL STANDARD

Federal Rule of Civil Procedure 37 allows the Court to, upon motion, "impose sanctions if a party fails to respond after being properly served with interrogatories." *Laukas v. Rio Brands, Inc.*, 292 F.R.D. 485, 502 (N.D. Ohio 2013). These sanctions may range from staying further proceedings until the order is obeyed or dismissing the action altogether. Fed. R. Civ. P. 37(d)(3). The "majority view authorizes Rule 37(d) sanctions when a party's evasive or incomplete answers to proper interrogatories impede discovery." *Jackson v. Nissan Motor Corp.*, No. 88-6132, 1989 WL 128639, at *5 (6th Cir. 1989). "The imposition of sanctions, or the type of sanctions imposed, is within the sound discretion of the Court based on the facts of each particular case." *Williams v. Select Specialty Hosp.-Nashville, Inc.*, Civil No. 3:08-1007, 2010 WL 93103, at *3 (M.D. Tenn. Jan. 7, 2010) (citing *National Hockey League v. Metropolitan Hockey Club*, 427 U.S. 639 (1976)). The Federal Rules further impose "an affirmative duty to engage in pretrial discovery in a responsible manner that is consistent with the spirit and purposes of Rules 26 through 37." Fed. R. Civ. P. 26 Advisory Committee Notes (1983) Amendment. Through its certification requirement,

Federal Rule of Civil Procedure 26(g) allows the court to "impose sanctions for any violation occurring without substantial justification." *Jones v. Illinois Central R.R. Co.*, 617 F.3d 843, 854 (6th Cir. 2010). Finally, courts maintain an inherent power to impose sanctions against a party where they have "acted in bad faith, vexatiously, wantonly, or for oppressive reasons[.]" *Metz v. Unizan Bank*, 655 F.3d 485, 489 (6th Cir. 2011).

### III.   LEGAL ANALYSIS

Lacefield argues that Kimberly King's complete failure to respond to discovery requests within the deadline should result in her claims being dismissed, her responses being struck from the record, and reasonable attorney fees and expenses, including court costs and other sanctions, being imposed as appropriate. (ECF No. 62, 3.) Plaintiffs argue that "Darren King's testimony regarding the loss of sexual relationship with his wife and his inability perform services set the foundation for Kim King's loss of consortium claim," and that as a result, her admittedly untimely responses caused no prejudice that would warrant sanctions. (ECF No. 63-6, 3.)

While the harm from the delay does appear limited, the Court finds that Plaintiff's repeated discovery violations warrant sanctions at this time. The mere fact that Darren King testified to certain facts underlying Kimberly King's claim does not excuse her responsibility, under the Federal Rules, to adequately respond to written discovery. Kimberly King is a separately named plaintiff in this case, who is subject to the same requirements and expectations of all federal plaintiffs. Plaintiffs offer no excuse for their tardiness in serving adequate responses and instead merely assert that their tardiness caused only de minimus harm. However, the Plaintiffs were previously warned about what now appears to be dilatory tactics and instructed that their discovery obligations "should be fulfilled in as *timely a manner as possible* given the need to take certain depositions, prepare expert reports, and engage in all necessary pretrial procedures." (ECF No. 51,

4

5.) Among these obligations, the Court listed "full interrogatory responses from Kimberly King[.]" (*Id.* at 4-5.) This exact situation was warned of by the Court in August, but nevertheless came to pass in October. Plaintiffs have now missed no less than three deadlines by which to serve Kimberly King's responses.[1] This is unacceptable at this stage of the litigation, where discovery has been ongoing since at least February 21, 2022, and where the Plaintiffs had already been warned about the need to serve responses for depositions to take place as scheduled.

The Court finds that it is appropriate for Plaintiffs to pay all of Lacefield's costs and fees associated with the filing of the present Motion for Sanctions. There is no evidence of bad faith, although Plaintiff's action or inaction borders on willfulness. This failure represents a form of neglect that supports imposition of discovery sanctions. Kimberly King's responses have now been provided and the Court does not believe that the harm caused warrants striking her responses or dismissing her claims outright. But again, Plaintiffs are reminded of the need to take their discovery obligations, including deadlines, seriously. Pursuant to that reminder, the Motion is **GRANTED IN PART AND DENIED IN PART.** Plaintiffs are **ORDERED** to pay Lacefield's fees and costs associated with filing the present motion.

**IT IS SO ORDERED** this 20th day of January, 2023.

*s/John T. Fowlkes, Jr.*
JOHN T. FOWLKES, JR.
United States District Judge

---

[1] There is the original deadline tied to the original service of the Interrogatories on January 24, 2022, the negotiated May 23, 2022 deadline, and the ultimate written discovery deadline of October 1, 2022.